IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-15-634-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-18-4234 |
| DEANGELO ONEAL TATE | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant DeAngelo Oneal Tate, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, with a memorandum of law. (Docket Entries No. 73, 74). The Government filed a motion for judgment on the record (Docket Entry No. 80), to which defendant filed an untimely response without leave of court. (Docket Entry No. 83.) Although the response was not properly filed, the Court has reviewed it in the interest of justice.

Having considered the section 2255 motion and memorandum, the motion for judgment, the response, the record, and the applicable law, the Court GRANTS the motion for judgment, DENIES the section 2255 motion, and DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

On December 16, 2016, defendant pleaded guilty pursuant to a written plea agreement to sex trafficking of minors, a violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). On February

17, 2017, the Court sentenced defendant to 220 months' imprisonment, to be followed by a ten-year term of supervised release.

Defendant appealed the conviction and sentence, but the Fifth Circuit Court of Appeals dismissed the appeal as frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).

Defendant raises the following claims for ineffective assistance of trial counsel in this proceeding:[1]

1. Trial counsel provided ineffective assistance as to the guilty plea in:

   a. advising him to plead guilty without adequate attorney/client communication;

   b. failing to adequately investigate the case; and

   c. failing to obtain a favorable plea agreement.

2. Trial counsel provided ineffective assistance as to sentencing in:

   a. failing to prepare adequately for sentencing;

   b. failing to object properly to the PSR; and

   c. failing to argue that the sentence was substantively unreasonable.

3. Counsel's ineffective assistance resulted in an involuntary guilty plea and a sentence greater than necessary to accomplish the objectives of sentencing.

---

[1] Defendant's written plea agreement waived appeal and collateral review, except as to claims for ineffective assistance of counsel. Consequently, his habeas claims in this proceeding are not foreclosed by the plea agreement waiver. (Docket Entry No. 35, p. 3.)

The Government argues that defendant's claims are refuted by the record or otherwise without merit, and that the section 2255 motion should be denied.

## *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir.

1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id*. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally sufficient. *Id*. at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id*. at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id*. at 695–96.

Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that

counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Conclusory allegations of deficient performance and prejudice are not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

To establish prejudice in context of a guilty plea, a defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The court must "focus on the defendant's decision-making." *Lee v. United States*, ___ U.S. ____, 137 S. Ct. 1958, 1961 (2017). However, "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id*. at 1967. "Factors relevant to determining whether a defendant would have gone to trial can also include the risks he would have faced at trial, his representations about his desire to withdraw his plea, and the district court's

5

admonishments. *United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020); *United States v. Batamula*, 823 F.3d 237, 240 n.4 (5th Cir. 2016).

To show prejudice in the sentencing context, a defendant must demonstrate that the alleged deficiency of counsel created a reasonable probability that, but for counsel's error, his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). A defendant cannot satisfy the second prong of *Strickland* through use of speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations will not suffice to obtain relief under section 2255. *Miller*, 200 F.3d at 282 (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### *Claims as to the Guilty Plea*

At the plea hearing, the Court admonished defendant on the record that the penalty for his offense was a minimum sentence in federal prison of ten years and a maximum sentence of life in federal prison, followed by a term of supervised release between five years and life. (Docket Entry No. 63, pp. 5–6.) The Court further advised defendant that if he pleaded guilty, he would be sentenced at a later date, and that the sentence would fall within the range of ten years to life imprisonment. The Court admonished defendant that no one, not even the Court, knew at the time of the plea hearing what sentence he would subsequently receive. *Id.*, p. 21. Defendant stated on the record that he was satisfied with trial counsel. *Id.*, p. 9.

6

The Court expressly advised defendant of the following:

THE COURT: All right. Now, I assume that you have talked to [trial counsel] about the sentencing guidelines and how they might apply in your case, correct?

THE DEFENDANT: Yes, sir.

THE COURT: Whatever he has told you about the guidelines and how they might apply in your case, perhaps he's even given you some indication of what he thinks your sentence might ultimately be at the sentencing hearing, I want you to clearly understand that none of that is a promise or a guarantee of any kind from your attorney about your sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: It's simply his best estimate of what's going to happen in this case based on his experience. Do you understand?

THE DEFENDANT: Yes, sir.

*Id.*, pp. 21–22. The Court continued its admonishments:

THE COURT: Now, once I determine what the appropriate guideline range is for your case, the range of months that are recommended under the advisory guidelines for your case, I am not required automatically to give you a sentence within that range of months. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I may give you a sentence within that range if I think that is the appropriate sentence. However, I have the right, I could go all the way up above the sentencing guidelines, I could go all the way up to a life in prison. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And I can't go below the minimum, which is 10 years in federal prison. Do you understand that?

7

THE DEFENDANT: Yes, sir.

*Id.*, p. 22. At the Court's request, the Government set forth the following factual basis for the offense:

> If this case were to proceed to trial the United States is prepared to prove that the defendant first met 17-year-old Jane Doe on or about January 13th of 2015, began acting as her pimp shortly thereafter.
>
> For approximately two months the defendant set up numerous commercial sexual encounters between Jane Doe 1 and various men within the Southern District of Texas at the Extended Stay America motel located in Houston and the Red Roof Inn located in Corpus Christi. The activity continued through [March] 16, 2015 on which date Jane Doe 1 called 911 from the Red Roof Inn in Corpus Christi and reported that she was being held against her will.
>
> The defendant collected up to several thousand dollars from Jane Doe 1 for engaging in sex acts for money during busy weekends. The defendant set up a pricing scheme that was followed, and Jane Doe 1 engaged in commercial sex with Johns for money. She never kept any of the money made during those sexual encounters.
>
> On February 24th of 2015 a Houston Police Department officer working in an undercover capacity responded to an advertisement which was posted on the internet at a website called Backpage.com. The ad contained five photos of a female using the name Jade. The officers spoke to Jade, who was later identified as Jane Doe 1, and arranged to meet her at the Extended Stay Hotel located on Katy Freeway here in Houston.
>
> And once the officer arrived, he called the number again and she told him, Jane Doe 1 told him she was in Room 219. The officer went to that room and made an arrangement with Jane Doe 1 to pay $140 for oral sex. Jane Doe 1 was then identified and arrested for prostitution.
>
> The Houston Police Department photographed the room, collected as evidence seven unopened condoms, an empty condom wrapper, three room card keys, and two cell phones. They reviewed the invoices and discovered that the room

8

was rented on February 24, 2015 to the defendant along with two other rooms, and the officers collected all of that evidence.

Jane Doe 1 also, as we discussed earlier, called 911 on March 16th of 2015. The Corpus Christi Police Department responded. They found her at a hotel in Corpus Christi, and the defendant was arrested. While seated in the back of the police car the defendant stated that he didn't give a damn because Jane Doe 1 was not credible, she was 17. This statement was recorded on video and audio surveillance within the car. The defendant repeated that statement and also revealed that he had $1200 on him at the time.

On the night that Jane Doe 1 called 911 she was taken to the local children's hospital and her injuries were documented.

The defendant told Jane Doe 1 that she is a money-making ho and that she ain't going nowhere. The defendant also made Jane Doe 1 call him "Daddy." And hotel records revealed two addresses for the defendant, one in Connecticut and one in Houston. They matched his driver's license photo to him, and Jane Doe 1 obviously had identified him. He bailed her out from the prostitution arrest and then moved her from Houston to Corpus Christi to avoid detection.

On March 16th, when they responded to the Red Roof Inn in South Padre Island, the caller identified herself as Jade, which was the name that she had used in Houston, and she indicated that she wanted to go home; and she was then located by the Corpus Christi police, and the records showed that the defendant had rented the room with a check-in date of March 12th of 2015 and a check-out date of March 13th, 2015, and he had provided his home address in Houston and email address on all of those copies. When the police returned to the [*sic*] Room 233, they found the defendant and another male. The officers kicked in Room 232s door and recovered Jane Doe 1.

The defendant used his credit card to post the online ads for Jane Doe 1 on Backpage.com during January and February of 2015. They were all posted in the adult entertainment escort section and featured several pictures of Jane Doe 1 under the name Jade. The ads corresponded to the dates and times where the police had encountered Jane Doe 1. And he also purchased the phone, the defendant also purchased the phone that corresponded to the number in the ad.

> Every night that Jane Doe 1 worked the defendant would count the calls on her phone, count the Johns that came to the room and count the condom wrappers; and if it didn't add up, the defendant would punish Jane Doe 1.
>
> The defendant recruited, enticed, harbored, transported, provided, obtained or maintained Jane Doe 1 knowing that she had not obtained the age of 18 years, and he caused her to engage in commercial sex. He used the internet to post ads on Backpage and cellular phones to set up Jade. They stayed in national hotel chains, all of which occurred in or affected interstate or foreign commerce. And all of the conduct occurred within the Southern District of Texas either in Houston or Corpus Christi.

*Id.*, pp. 23–27 (short exchange between defense counsel and the Government omitted). The Court continued its inquiries with the defendant:

> THE COURT: Mr. Tate, you've heard the prosecutor summarize the facts that she believes the government could prove about you in this case. Are those facts true?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. The Court finds that there is a factual basis for the plea. Let me ask you at this time what is your plea to the charge against you in Count 1 of the superseding information, guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: Do you state here in court under oath that each and every allegation in Count 1 of the superseding information is true and correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And are you making this plea of guilty to Count 1 freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: Has anyone forced you, threatened you, coerced you or done any violence to you or any other person to get you to plead guilty in this case?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you pleading guilty because of any promise that's been made to you other than what is contained in your written plea agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you pleading guilty to protect somebody else?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you pleading guilty because you are guilty and for no other reason?
>
> THE DEFENDANT: Yes, sir.

*Id.*, pp. 27–28.

Defendant claims that counsel was deficient as to his guilty plea in the following particulars.

### *Inadequate communication*

Defendant asserts that counsel advised him to plead guilty without adequate communication. Specifically, he complains that counsel failed to inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial.

Defendant's claim is conclusory and refuted by the record. At the plea hearing, defendant expressly stated on the record that he was satisfied with counsel's representation and that he had no further questions for counsel before pleading guilty. (Docket Entry No.

63, p. 9.) Nevertheless, the Court informed defendant that he was free to ask counsel a question or obtain counsel's advice before answering a question at any time during the hearing. *Id.*, p. 10. Defendant does not identify in this motion any additional information he needed or that counsel failed to provide.

Indeed, defendant's own assertions in this pending motion belie his claim. Defendant specifically complains that counsel "coerced" him into an involuntary plea by telling him he would receive a 120-month sentence if he pleaded guilty and would be sentenced to "life" if he proceeded to trial. However, as this Court explained to defendant during the plea hearing, the range of punishment for the criminal offense itself was imprisonment for ten years to life, and that his actual sentence would not be calculated and determined until a later date for the sentencing hearing. (Docket Entry No. 63, pp. 5, 21.) The Court further explicitly advised defendant that anything counsel told him about how the guidelines would apply in the case, or what his sentence might be, were not guarantees:

> THE COURT: I want you to clearly understand that *none of that is a promise or a guarantee of any kind from your attorney about your sentence*. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: *It's simply his best estimate* of what's going to happen in this case based on his experience. Do you understand?
>
> THE DEFENDANT: Yes, sir.

12

*Id.*, pp. 21–22 (emphasis added). Moreover, when this Court expressly asked defendant whether he was "pleading guilty because of any promise that's been made to you other than what is contained in your written plea agreement," defendant stated, "No, sir." *Id.*, p. 28. Defendant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court in entering a guilty plea must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Defendant's conclusory assertion does not satisfy these factors.

Thus, defendant acknowledged to the Court on the record his understanding that neither the Court nor counsel could tell him prior to sentencing what actual sentence would be imposed, and that counsel's advice and opinions were estimates, not promises or guarantees, of the actual sentence defendant would receive. Defendant's allegations of insufficient communication are conclusory and unsupported in the record. Further, plaintiff's assertion that he was promised a certain sentence if he pleaded guilty is refuted by the record. Defendant establishes neither deficient performance nor prejudice under *Strickland*, and habeas relief is unwarranted.

*Inadequate investigation*

Defendant further contends that counsel "failed to research the case law, interview witnesses or investigate the facts of [the] case," and failed to request a private investigator. (Docket Entry No. 74, p. 23.) He argues that because of counsel's failure to investigate, he was unable to "prove" that defendant believed the victim was an adult at aged 17; that the victim had been working at a fast-food restaurant, had a one-year old child, and lived with three other female roommates; that the victim had been a prostitute before he met her and that she asked him for help promoting her services; and that the victim had told him and others that she was 20-years old.

Defendant fails to show that counsel was unaware of these "facts," and fails to show that, but for counsel's alleged inability to prove these facts, there is a reasonable probability that the result of the proceedings would have been different. Moreover, defendant does not establish that, but for counsel's alleged failure to interview defendant's wife, the victim, or the victim's mother, there is a reasonable probability that the result of the proceedings would have been different. Defendant does not show how these unsupported allegations or the three witnesses would have exonerated him of the charged offense or resulted in a lower sentence. In short, defendant establishes neither deficient performance nor prejudice under *Strickland*, and habeas relief is unwarranted.

*Failure to negotiate plea agreement*

Defendant next claims that counsel failed to obtain a favorable plea agreement. In support, he argues that, had counsel investigated certain witnesses, he could have negotiated a favorable plea agreement.

Defendant's claim is conclusory and unsupported in the record. Defendant fails to establish with any specificity or clarity what additional investigation counsel should have undertaken and what the additional investigation would have shown. Moreover, defendant fails to establish that the purported investigation would have resulted in evidence counsel could successfully use to negotiate a favorable plea agreement.

Defendant establishes neither deficient performance nor prejudice under *Strickland*, and habeas relief is unwarranted.

### Claims as to Sentencing

Defendant alleges that counsel was ineffective at sentencing. To the extent defendant's claims survived his guilty plea, the claims lack merit, as shown below.

*Inadequate preparation for sentencing*

Defendant contends that counsel failed to prepare adequately for the sentencing hearing. To meet his burden of proof under *Strickland*, defendant must establish that counsel's performance was objectively deficient and that, but for counsel's deficiency, there is a reasonable probability that he would have received a lower sentence.

Defendant's claim is conclusory and unsupported in the record. Defense counsel advocated at length at the hearing for a lower sentence, and was prepared to discuss defendant's history and mitigating circumstances with the Court. Indeed, counsel presented a sentencing videotape for the Court, which included an interview with defendant's mother and her recounting of defendant's life. When counsel determined that an "anomaly" existed in the sentencing guidelines that created an unfair sentencing range in defendant's situation, counsel discussed how he called the sentencing commission resource counsel to discuss the anomaly. The record shows that counsel was well prepared for the sentencing hearing.

Defendant presents no specifics as to counsel's purported lack of preparation, and fails to show what additional preparation counsel should have undertaken and how it would have resulted in a lower sentence. Defendant demonstrates neither deficient performance nor actual prejudice under *Strickland*, and habeas relief is unwarranted.

*Failure to object to PSR*

Defendant argues that counsel failed to raise proper objections to the PSR. The record shows that counsel raised two objections to the PSR, challenging the two-level increase for obstruction of justice and the five level increase for defendant's status as a repeat and dangerous sex offender against minors. (Docket Entry No. 58, p. 4.) Although the Court overruled the objections, it agreed that a variance was necessary to reach an appropriate sentence that was sufficient but not greater than necessary under the circumstances. *Id*., pp. 23–24. The Court opined on the record that a guideline range of 360 months to life was

16

greater than necessary. The Court also agreed that the 240 to 300 month range suggested by the Government was too high, and that the 120-month statutory minimum was too low. The Court ultimately concluded that a sentence of 220 months' imprisonment was appropriate. *Id*., pp. 28–29.

Thus, the record shows that counsel's objections to the PSR ultimately resulted in defendant receiving a sentence below the low end of the applicable guideline range. Defendant's claims as to counsel's purported failure to raise proper objections are conclusory and refuted by the record. Defendant fails to establish deficient performance and actual prejudice under *Strickland*, and habeas relief is not merited.

*Failure to object to unreasonable sentence*

Defendant contends that counsel should have objected to defendant's sentence as substantively unreasonable. It is well established that a sentence within a properly calculated guideline range is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Defendant's conclusory, unsupported assertions of an unreasonable sentence are insufficient to disturb that presumption. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). Counsel was not ineffective in failing to raise meritless objections, and habeas relief is unwarranted.

### *Evidentiary Hearing*

To any extent defendant requests an evidentiary hearing on his claims for ineffective assistance of counsel, the request is DENIED. The claims presented in this case can be, and

have been, resolved on the basis of the record, and an evidentiary hearing is not required. *See United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009).

## *Conclusion*

The Government's motion for judgment on the record (Docket Entry No. 80) is GRANTED. Defendant's section 2255 motion (Docket Entry No. 73) is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED.

The Clerk of Court is ORDERED to terminate the related civil case in this matter, C.A. No. H-18-4234.

Signed at Houston, Texas, on July 7th, 2021.

_____
Gray H. Miller
Senior United States District Judge